IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 23-cv-02451-NYW-MDB

JESSICA SWEENEY,
ROXIE BLUE,
ERIKA BODE,
AMBER CANO,
JULIE DETERS-FRANK,
KAREN DONELSON,
JENNIFER EDDINS,
POLLY GOODWIN,
GABRIEL HERGENRETER,
MARY LOU HOWARD,
GWENN HREN,
JOHN LANSFORD,
JAMIE MONTGOMERY,
ERIN PHIPPS,
KINGA SHELTON,
STEPHANIE SILVERS,
PATRICIA SPOERL,
LONI THALHEIMER, and
ALISHA TORBECK,

    Plaintiffs,

v.

UNIVERSITY OF COLORADO HOSPITAL AUTHORITY,
ELIZABETH CONCORDIA, in her individual and official capacities,
MARGARET REIDY, in her individual and official capacities,
MICHAEL RANDLE, in his individual and official capacities,
JILL HUNSAKER RYAN, in her individual and official capacities,
D. RANDY KUYKENDALL, in his individual and official capacities,
PATRICIA HAMMON, in her individual and official capacities,
RAYMOND ESTACIO, in his individual and official capacities,
DANIEL PASTULA, in his individual and official capacities,
SHAWN TURK, in his individual and official capacities,
TOM BUTTS, in his individual and official capacities,
EVELINN BORRAYO, in her individual and official capacities, and
KENDALL ALEXANDER, in her individual and official capacities,

    Defendants.

## ORDER

This matter is before the Court on the Rule 59(e) Motion to Alter or Amend Order, Or, Alternatively, Motion for Leave to Amend Complaint (the "Motion to Alter Order" or the "Motion"). [Doc. 60]. The Court has reviewed the Motion, the related briefing, and the applicable case law, and concludes that oral argument would not materially assist in the resolution of this matter. For the reasons set forth below, the Motion to Alter Order is respectfully **DENIED**.

## BACKGROUND

The Court set out the relevant factual background of this case in its July 12, 2024 Memorandum Opinion and Order, *see* [Doc. 58], and repeats it here only as necessary to resolve the Motion to Alter Order. Plaintiffs Jessica Sweeney, Roxie Blue, Erika Bode, Amber Cano, Julie Deters-Frank, Karen Donelson, Jennifer Eddins, Polly Goodwin, Gabriel Hergenreter, Mary Lou Howard, Gwenn Hren, John Lansford, Jaime Montgomery, Erin Phipps, Kinga Shelton, Stephanie Silvers, Patricia Spoerl, Loni Thalheimer, and Alisha Torbeck (collectively, "Plaintiffs") are former employees of UCHealth or one of its affiliates. [Doc. 1 at ¶¶ 18.1–18.19]. In 2021, the University of Colorado Hospital Authority ("UCHA") implemented a new policy requiring its employees to be vaccinated against COVID-19, unless they received a valid exemption from the requirement. [*Id.* at ¶ 194]. Plaintiffs were each terminated from their employment when they "refus[ed] to participate in the use of COVID-19 investigational drugs." [*Id.* at ¶¶ 406, 410].

In this action, Plaintiffs brought 10 claims against UCHA, a few of its officers, the Colorado Department of Public Health ("CDPHE"), and a few CDPHE officials. *See* [*id.*

2

at ¶¶ 19.1–19.4, 19.5–19.13, 320–415]. The two groups of Defendants—the CDPHE Defendants and the UCHA Defendants—separately moved to dismiss Plaintiffs' claims. [Doc. 46; Doc. 47].

On July 12, 2024, this Court granted both Motions to Dismiss, dismissed some of Plaintiffs' claims with prejudice and some without, and closed the case. [Doc. 58 at 44]. Final judgment was entered the same day. [Doc. 59]. A few weeks later, Plaintiffs filed their Motion to Alter Order. [Doc. 60]. Therein, they ask the Court to "alter or amend its Order" granting the Motions to Dismiss. [*Id.* at 1]. In the alternative, they seek leave to file an amended complaint. [*Id.*]. Both groups of Defendants oppose Plaintiffs' requests. *See* [Doc. 61; Doc. 62]. The Court considers the Parties' arguments below.

## LEGAL STANDARD

Rule 59 permits a party to file a "motion to alter or amend a judgment." Fed. R. Civ. P. 59(e). However, "once the district court enters judgment, the public gains a strong interest in protecting the finality of judgments." *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (citing *Sanchez-Llamas v. Oregon*, 548 U.S. 331, 356 (2006)). As a result, motions under Rule 59(e) are appropriate in only a limited number of circumstances. "Grounds warranting a motion to alter or amend the judgment pursuant to Rule 59(e) 'include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.'" *Alpenglow Botanicals, LLC v. United States*, 894 F.3d 1187, 1203 (10th Cir. 2018) (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). Thus, motions under Rule 59(e) are "appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete*, 204 F.3d

at 1012. They are not an appropriate vehicle "to revisit issues already addressed or advance arguments that could have been raised in prior briefing," *id.*, or "to raise arguments or present evidence that could have been raised prior to the entry of judgment," *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008) (quotation omitted). "[I]n determining whether to grant or deny a Rule 59(e) motion to alter or amend the judgment, the district court is vested with considerable discretion." *Brown v. Presbyterian Healthcare Servs.*, 101 F.3d 1324, 1332 (10th Cir. 1996).

## ANALYSIS

### I. Request to Alter the Court's Order

Although Plaintiffs seek relief under Rule 59, they do not articulate any recognized basis to alter or amend the Court's Order or the final judgment. *See generally* [Doc. 60]. Nor do Plaintiffs narrow their challenge to the Court's rulings on any particular claim or argue that the Court incorrectly concluded that Plaintiffs' allegations were insufficient to state any particular claim. *See* [*id.*]. Instead, they argue generally that the Court should amend or alter its prior Order because, in their view, "[t]he Court effectively held that the State of Colorado and its political subdivisions can mandate the use of investigational drugs and unwanted medical treatments as a condition of enjoying public benefits, which is contrary to well-established law." [Doc. 60 at 2]. Plaintiffs ask the Court to "instead hold that Colorado, its political subdivisions, and persons acting on the State's behalf cannot constitutionally require persons to receive investigational drugs or medical treatments as a condition of enjoying a public benefit, such as public employment and use of their State-issued healthcare licenses." [*Id.* at 6]. The Court respectfully disagrees

4

that the Court's Memorandum Opinion and Order contains such rulings, either express or implied.

In their Reply, Plaintiffs contend that the Court "'misapprehended the facts,' the Plaintiffs' position on those facts, and the 'controlling law.'"  [Doc. 63 at 1].  Plaintiffs appear to take issue with (1) this Court's conclusion that Plaintiffs had not demonstrated that a fundamental right is implicated in this case; (2) the dismissal of their unconstitutional conditions claim; and (3) the fact that their allegations concerning the investigational nature of the COVID-19 vaccine were insufficient to survive dismissal.  *See generally* [Doc. 60].  The Court addresses these arguments in turn.

***Fundamental Right.***  Plaintiffs first take issue with the Court's statement in its Order that it was "not persuaded that a fundamental right is implicated in this case."  *See* [Doc. 60 at 2]; *see also* [Doc. 58 at 30].  Plaintiffs assert in their Motion that they have a fundamental "right to refuse investigational medical treatments" and that this right "is pervasive, historical, and deeply rooted in the $600b [sic] pharmaceutical research industry and this nation."  [Doc. 60 at 5].

At the pleading stage, both sets of Defendants sought dismissal of Plaintiff's Claim Three—a substantive due process claim.[1]  [Doc. 46 at 21–23; Doc. 47 at 29–30].  As the Court previously explained, *see* [Doc. 58 at 44], a substantive due process claim may be based on allegations that the government infringed on an individual's fundamental right, *see Doe v. Woodard*, 912 F.3d 1278, 1300 (10th Cir. 2019).  In response to the CDPHE

---

[1] Although Plaintiffs appeared to invoke a procedural due process in their Complaint, as well, *see* [Doc. 1 at ¶ 339], the Court concluded in its Order that Plaintiffs had abandoned any procedural due process claim because they had not made arguments in support of such a claim, *see* [Doc. 58 at 28–29].  In the instant Motion, Plaintiffs do not articulate any procedural due process claim.  *See generally* [Doc. 60].

Defendants' Motion to Dismiss, Plaintiffs did not identify *any* fundamental right they claimed had been infringed by the CDPHE Defendants.  *See generally* [Doc. 48].  They did argue, however, that the CDPHE Defendants' actions "deprived all persons working in the healthcare industry of their right to use their property (state-issued medical license), which is a violation of their substantive due process rights," though they did not contend that this was a fundamental right or apply any applicable legal standards to their argument.  [*Id.* at 21].  Meanwhile, in response to the UCHA Defendants' Motion to Dismiss, Plaintiffs asserted that their claim was based on the fundamental right of bodily autonomy and bodily integrity, as well as the "fundamental right to refuse the administration of any drug labeled by the FDA as investigational," and argued that "[r]equiring Plaintiffs to have their bodies injected with an EUA/PREP Act drug violates" those rights.  [Doc. 49 at 22].  As the Court observed, *see* [Doc. 58 at 30], Plaintiffs' argument was unsupported by any legal authority, *see* [Doc. 49 at 22].

In its Order, the Court rejected this framing of Plaintiffs' claim, noting that Plaintiffs did not allege that they were forcibly vaccinated, but that receiving the COVID-19 vaccine was made a condition of their continued employment with UCHealth or its affiliates.  *See* [Doc. 58 at 30].  And because the expectation of employment and continued employment are not fundamental rights, the Court concluded that rational basis scrutiny applied to Claim Three.  [*Id.* at 30–31]; *see also Bauer v. Summey*, 568 F. Supp. 3d 573, 592 (D.S.C. 2021) ("Plaintiffs' overly general characterization of the rights at issue as 'bodily integrity' or 'privacy' falls short of the required 'careful description' of the liberty interest.  Rather, a more appropriate description is plaintiffs' interest in continued employment with defendants while unvaccinated for COVID-19." (citation and footnote omitted)).

6

Furthermore, the Court concluded that Plaintiffs' "right to use their property"—their medical licenses—was not a fundamental right requiring strict scrutiny on Claim Three. [Doc. 58 at 34–35]; *see also Swepi, LP v. Mora Cnty.*, 81 F. Supp. 3d 1075, 1174 (D.N.M. 2015) ("Courts have routinely held that property interests and rights do not rise to the level of fundamental rights requiring a strict scrutiny analysis."). Applying rational basis review, the Court concluded Plaintiffs failed to state a substantive due process claim. [Doc. 58 at 31–32]; *see also* [*id.* at 35 n.19].

Plaintiffs take issue with the Court's conclusion that Plaintiffs had not identified a fundamental right at stake in Claim Three. They first assert that the Court should have accepted as true their allegation that they have "the absolute Constitutional . . . right to refuse" the COVID-19 vaccine and that, by not specifically disputing this allegation in their Motions to Dismiss, Defendants "conced[ed] Plaintiffs' allegation." [Doc. 60 at 3 (quoting [Doc. 1 at ¶ 21])]. This is not so. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Nor must a court accept "conclusory allegations" as true. *Moss v. Kopp*, 559 F.3d 1155, 1161 (10th Cir. 2009). Plaintiffs' allegation that they have "the absolute Constitutional and federally secured right" to refuse an EUA drug—which does not itself identify this right as "fundamental," *see* [Doc. 1 at ¶ 21]—was an insufficient basis for the Court to find a fundamental right and apply strict scrutiny.

Next, Plaintiffs reiterate that they have a fundamental right "to refuse investigational drugs and unwanted medical treatments." [Doc. 60 at 5]. But as the Court previously explained, Plaintiffs do not allege that they were forcibly vaccinated or forcibly subjected to unwanted medical treatments; they alleged that the UCHA Defendants

7

imposed a vaccination requirement as a condition of Plaintiffs' employment and that Plaintiffs chose to not receive the COVID-19 vaccine—i.e., they allege that they *did*, indeed, refuse unwanted medical treatments. *See, e.g.*, [*id.* at ¶¶ 171, 406]. Respectfully, Plaintiffs' assertion that the Court's Order "would effectively allow forced injection of EUA/PREP Act investigational drugs into workers," [Doc. 60 at 5], is inaccurate, and the Court finds no basis to alter or amend its prior Order.

**Unconstitutional Conditions.** In addition, Plaintiffs argue that the Court's Order "effectively held" that the government "can mandate the use of investigational drugs and unwanted medical treatments as a condition of enjoying public benefits." [*Id.* at 2]. The Court construes this argument as a challenge to the Court's dismissal of Plaintiffs' Claim Five, their unconstitutional conditions claim. *See* [Doc. 1 at 90]. As previously explained by the Court, "[t]he unconstitutional conditions doctrine forbids the government from denying or terminating a benefit because the beneficiary has engaged in constitutionally protected activity" and applies only "if the government places a condition on the exercise of a constitutionally protected right." *Petrella v. Brownback*, 787 F.3d 1242, 1265 (10th Cir. 2015). A "predicate for any unconstitutional conditions claim is that the government could not have constitutionally ordered the person asserting the claim to do what it attempted to pressure that person into doing." *Koontz v. St. Johns River Water Mgmt. Dist.*, 570 U.S. 595, 612 (2013).

Plaintiffs' unconstitutional conditions claim was based on alleged violations of their equal protection and substantive due process rights. *See* [Doc. 1 at ¶ 371; Doc. 48 at 21; Doc. 49 at 25]. In its Memorandum Opinion and Order, the Court concluded that because Plaintiffs had not stated a plausible equal protection or due process claim, they could not

state a plausible unconstitutional conditions claim, either. [Doc. 58 at 39–40]. Plaintiffs suggest that this ruling somehow created carte blanche authority for states to "mandate the use of investigational drugs and unwanted medical treatments as a condition of enjoying public benefits," [Doc. 60 at 2], but this is not so. There were numerous bases for the Court's conclusion that Plaintiffs had not adequately alleged an equal protection or substantive due process claim. Specifically, the Court dismissed Plaintiffs' equal protection claim because (1) Plaintiffs had failed to allege that they were treated differently than other people who were similar to them in all relevant respects, [Doc. 58 at 24–27], and because (2) Plaintiffs' rational-basis argument was "cursory" and "insufficient to survive dismissal," [*id.* at 27]; *see also* [Doc. 48 at 20 (Plaintiffs arguing only that "[t]here is no rational basis for [Defendants] violating executive agreements, federal law, and the federal constitution")]. As for the substantive due process claim, the Court found it insufficient to state a plausible claim because (1) Plaintiffs failed to identify any fundamental right at stake with respect to claim against the CDPHE Defendants, [Doc. 58 at 34–35]; (2) as for the UCHA Defendants, Plaintiffs' allegations did not support a theory based on the right of bodily autonomy, [*id.* at 30–31]; (3) the right to continued employment is not a fundamental right, [*id.* at 31]; and (4) Plaintiffs failed to make any argument using rational-basis review, [*id.* at 31–32].

Stated differently, Plaintiffs' equal protection and substantive due process claims were dismissed based on Plaintiffs' insufficient allegations and failure to meaningfully articulate persuasive arguments against dismissal, *not* on any implicit ruling that "that the State of Colorado and its political subdivisions can mandate the use of investigational drugs and unwanted medical treatments as a condition of enjoying public benefits," as

9

Plaintiffs claim. [Doc. 60 at 2]. And because Plaintiffs' unconstitutional conditions claim was based on an alleged violation of Plaintiffs' equal protection and/or substantive due process rights, the unconstitutional conditions claim was similarly subject to dismissal. [Doc. 58 at 39–40]. Plaintiffs have not demonstrated a basis to alter the Court's Order.

***Allegations that the COVID-19 Vaccine was Investigational.*** Finally, throughout their Motion, Plaintiffs emphasize that they had alleged in their Complaint that the COVID-19 vaccine was investigational or not FDA-licensed. *See, e.g.*, [Doc. 60 at 2–3]. They do not, however, make any clear argument about these allegations in the context of amending or altering the Court's Order. They state that their "extensive research could find no cases holding that a state or its political subdivisions can constitutionally mandate that a person can be required to use investigational drugs or receive unwanted medical treatments as a condition of enjoying a public benefit," [*id.* at 2–3], but as explained above, the Court's Order did no such thing. Furthermore, to the extent Plaintiffs are suggesting that the Court failed to take their allegations that the COVID-19 vaccine was investigational as true, the Court respectfully disagrees. The Court expressly considered these allegations and decided that these allegations did not change the Court's analysis. *See* [Doc. 58 at 32 n.17, 34].

In sum, Plaintiffs have not demonstrated any basis to alter or amend the Court's July 12 Order. Their request for the Court to make unidentified amendments to the Order is respectfully denied.

## II. Request for Leave to Amend

In the alternative, Plaintiffs seek leave to amend their Complaint to "simplify the allegations by removing large amounts of unnecessary background information"; include

10

additional facts in support of Claims One, Two, Three, Four, Five, Six, and Seven; assert a new municipal liability claim; and add a Fourteenth Amendment claim based on their right to privacy. [Doc. 60 at 6–7]. They note that Rule 15 requires leave to amend "when justice so requires" and argue that "[b]ecause fundamental rights were deprived during a scenario not seen in Plaintiffs' lifetimes—coerced injection of EUA/PREP Act drugs that do not do what the CDC and FDA claimed they did—'justice so requires.'" [*Id.* at 7]; *see also* Fed. R. Civ. P. 15(a)(2).

Defendants oppose Plaintiffs' request for leave to amend. As they point out, *see* [Doc. 61 at 6–7; Doc. 62 at 10–11], the Tenth Circuit has "repeatedly and unequivocally" held that after a final judgment is entered, "the filing of an amended complaint is not permissible until judgment is set aside or vacated" under Rule 59 or Rule 60, *Tool Box, Inc. v. Ogden City Corp.*, 419 F.3d 1084, 1087 (10th Cir. 2005) (quotation omitted). This rule "imposes important restrictions on the ability to employ Rule 15(a) in a way that is contrary to the philosophy favoring the finality of judgments and the expeditious termination of litigation." *Nero v. Am. Fam. Mut. Ins. Co.*, No. 11-cv-02717-PAB-MJW, 2013 WL 5323147, at *7 (D. Colo. Sept. 23, 2013). Although both sets of Defendants rely on this line of authority in their response briefs, Plaintiffs do not address this authority in their Reply, instead reiterating that they "request leave to amend if the court chooses not to alter or amend its judgment." [Doc. 63 at 7].

The Court agrees with Defendants. While Rule 15 instructs courts to grant leave to amend "when justice so requires," Fed. R. Civ. P. 15(a)(2), "the liberal presumption favoring leave to amend during the life of a case 'is reversed in cases, such as here, where a plaintiff seeks to amend a complaint after judgment has been entered,' and the

11

'liberality of Rule 15 no longer applies.'" *Burton v. Vectrus Sys. Corp.*, No. 18-cv-02648-MSK-KMT, 2020 WL 614313, at *1 (D. Colo. Feb. 10, 2020) (quoting *Tool Box*, 419 F.3d at 1087–88), *aff'd*, 834 F. App'x 444 (10th Cir. 2020).

The Court notes that Plaintiffs could have sought leave to amend their Complaint while this case was still ongoing, such as filing a motion after conferring with Defendants on the Motions to Dismiss or filing a "prophylactic motion for leave to amend that was separate from" their briefs in opposition to the Motions to Dismiss. *Young v. Colo. Dep't of Corr.*, 94 F.4th 1242, 1256 (10th Cir. 2024). They did not do so. Indeed, Plaintiffs did not even contemplate amendment in either Response to Defendants' Motions to Dismiss, despite Plaintiffs' counsel's representation of plaintiffs in other cases where adverse rulings were subject to a motion to alter or amend after dismissal. *See, e.g.*, [Doc. 48 at 7; Doc. 49 at 5]. And upon review of the instant Motion, as well as the proposed Amended Complaint, [Doc. 60-1], this Court finds that Plaintiffs have not demonstrated that their proposed amendments could not have been made prior to the Court's ruling on the Motions to Dismiss.

"Efficient adjudication of disputes requires that the party present its best effort to state a claim before the court addresses the motion to dismiss." *Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1236 (10th Cir. 2020). Plaintiffs declined to do so. And because final judgment has entered and the Court has denied Plaintiffs' request to alter or amend the judgment, Plaintiffs may not file an amended complaint. *See Tool Box*, 419 F.3d at 1087; *J.G. ex rel. Grimes v. Bimestefer*, No. 19-cv-02674-WJM-STV, 2021 WL 1720855, at *4 (D. Colo. Apr. 30, 2021) ("As the Court has

not set aside or vacated the judgment, Plaintiff may not amend her Complaint."), *aff'd*, No. 21-1194, 2022 WL 2965794 (10th Cir. July 27, 2022).[2]

For all of these reasons, the Motion to Alter Order is respectfully **DENIED**.

## CONCLUSION

For the reasons set forth herein, **IT IS ORDERED** that:

(1) Plaintiffs' Rule 59(e) Motion to Alter or Amend Order, Or, Alternatively, Motion for Leave to Amend Complaint [Doc. 60] is **DENIED**.

DATED: December 9, 2024

BY THE COURT:

_____
Nina Y. Wang
United States District Judge

---

[2] Plaintiffs assert in their Reply that the Court's decision to close the case after dismissing some of their claims without prejudice "is non-customary because if the claims are dismissed without prejudice, it normally means Plaintiffs can still pursue them either by amending their Complaint, or by filing their claims in another court of competent jurisdiction." [Doc. 63 at 7]. Plaintiffs' assertion that closing the case after dismissal without prejudice is "non-customary" is not correct. *See, e.g., Wellness Walk In Tubs, LLC v. Scripps Media, Inc.*, 607 F. Supp. 3d 1167, 1173 (D. Colo. 2022); *Milestone Acad. v. Douglas Cnty. Sch. Dist.*, No. 20-cv-02927-PAB-SKC, 2022 WL 622006, at *4 (D. Colo. Mar. 3, 2022); *Neilsen v. Brauchler*, No. 18-cv-03205-DDD-NRN, 2023 WL 11930902, at *7 (D. Colo. Feb. 23, 2023). Plaintiffs did not request leave to amend and the Court was under no obligation to sua sponte grant relief that Plaintiffs did not seek. *See Young*, 94 F.4th at 1256 ("Absent a request to amend, a district court may dismiss the action rather than sua sponte granting leave to amend."); *see also* [Doc. 58 at 44 n.22 (this Court explaining that "[b]ecause Plaintiffs have not formally requested leave to amend their Complaint, the Court declines to sua sponte grant leave to amend")].